1999 ND 201

**COMMUNITY NATIONAL BANK OF GRAND FORKS, a National Banking Association, Plaintiff and Appellant,**

v.

**Shaista A. HUSAIN, Defendant, Third–Party Plaintiff and Appellee,**

and

**Michael Green, d/b/a Michael Allen Contracting Third–Party Defendant.**

**No. 990065.**

Supreme Court of North Dakota.

Oct. 20, 1999.

Ralph F. Carter of Moosbrugger, Dvorak & Carter, P.L.L.P., Grand Forks, N.D., for plaintiff and appellant.

William E. McKechnie of William E. McKechnie & Associates, P.C., Grand Forks, N.D., for defendant, third-party plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Community National Bank of Grand Forks appeals from the trial court's summary judgment. We hold Community National Bank of Grand Forks raised a disputed issue of fact, precluding summary judgment. We reverse and remand for further proceedings, and assess costs consistent with this opinion.

I

[¶ 2] In an appeal from a summary judgment, this Court must consider the facts in a light most favorable to the opposing party. *Stanley v. Turtle Mountain Gas & Oil, Inc.*, 1997 ND 169, ¶ 6, 567 N.W.2d 345.

[¶ 3] On September 7, 1995, Dr. Shaista Husain executed a note and mortgage prepared by the Community National Bank of Grand Forks ("Bank") for a $145,000 construction loan at nine percent interest. Covenant ten of the mortgage provided if any construction on the property was discontinued or did not proceed in a reasonable manner, the Bank was empowered to take all necessary steps to protect its security interest in the property, including completing construction. Covenant ten also provided any amounts advanced by the Bank to protect its security interest would be secured by the mortgage. Covenant nineteen provided that the Short–Term Mortgage Redemption Act, N.D.C.C. ch. 32–19.1, governed the mortgage.

[¶ 4] In March 1996, Husain moved into the house. However, the work on the

house was not satisfactory to Husain. Husain notified Janet Elshaug, a loan officer at the Bank, and directed that all further construction distributions were to be ceased. However, Elshaug distributed an additional $131,722.89 to pay contractors, after the loan proceeds were exhausted. On October 25, 1996, the Bank commenced an action against Husain to collect the $131,722.89 disbursement. Husain denied owing the money.

[¶ 5] On February 26, 1997, the Bank commenced a foreclosure action on Husain's home for approximately $163,000. This was the original $145,000 lent, plus costs and interest. Judgment was entered in favor of the Bank on February 6, 1998, and a Sheriff's Deed was issued on May 20, 1998. Husain did not redeem the property under the Short–Term Mortgage Redemption Act. The Bank now owns the property after redeeming it from the first mortgage holder for $183,026.25. Once foreclosure was completed, Husain was able to assert the $131,722.89 disbursement was a deficiency under the Short–Term Mortgage Redemption Act, and the Bank's attempt to collect it was in violation of the Act. N.D.C.C. § 32–19.1–07. On August 21, 1998, the Bank acknowledged its inability to collect the $131,722.89 as a deficiency under the Short–Term Mortgage Redemption Act. In response, Husain moved for dismissal. The trial court granted Husain's motion on September 25, 1998, but allowed the Bank thirty days to file a motion for reconsideration. The Bank moved for reconsideration, supported by an affidavit of Elshaug. The trial court denied the motion for reconsideration and the Bank appeals.

## II

[¶ 6] This Court treats a trial court's resolution as a summary judgment when the trial court considers matters outside the pleadings in resolving a motion to dismiss. *See* N.D.R.Civ.P. 12(c) and 56(c). Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Smith v. Land O'Lakes, Inc.*, 1998 ND 219, ¶ 9, 587 N.W.2d 173. The evidence must be viewed in the light most favorable to the party opposing the motion, who must be given the benefit of all favorable inferences that can reasonably be drawn from the evidence. *Stanley*, at ¶ 6.

[¶ 7] "In considering a motion for summary judgment, a court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from that evidence to determine whether summary judgment is appropriate." *Hurt v. Freeland*, 1999 ND 12, ¶ 8, 589 N.W.2d 551. The moving party has the burden of demonstrating there are no genuine issues of material fact, but the opposing party must also present admissible evidence by affidavit or other comparable means which raises an issue of material fact, and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. *Id.* at ¶ 8.

[¶ 8] In this case, the trial court allowed the Bank to file a motion for reconsideration supported by an affidavit. The trial court, therefore, considered evidence outside the pleadings and this Court will treat the resolution as a summary judgment. *See* N.D.R.Civ.P. 12(c) and 56(c). We hold the Bank has raised an issue of material fact, when the evidence is viewed in a light most favorable to the Bank. *See Stanley,* at ¶ 6.

[¶ 9] Covenant ten and nineteen of the parties' mortgage provide, in part:

10. *Authority of the Mortgagee to Perform for Mortgagor.* If I fail to perform any of my duties under this mortgage, you may perform the duties or cause them to be performed. You may sign my name or pay any amount if neces-

sary for performance. If any construction on the property is discontinued or not carried on in a reasonable manner, you may do whatever is necessary to protect your security interest in the property. This may include completing the construction.

* * *

*19. Short Term Redemption.* The parties agree that the provisions of the short-term mortgage redemption act shall govern this mortgage.

The trial court concluded the additional $131,722.89 was disbursed under the mortgage, specifically, covenant ten. By concluding the additional disbursement was made under the mortgage, the trial court also concluded covenant nineteen was triggered, and therefore the Short–Term Mortgage Redemption Act governed the disbursement. Under the Short–Term Mortgage Redemption Act, Husain was able to assert the $131,722.89 disbursement was a deficiency and the Bank's attempt to collect it was in violation of the Act.

[¶ 10] The clear and explicit language of a contract governs its interpretation and words are construed in their ordinary sense. *See* N.D.C.C. §§ 9–07–02 and 9–07–09. A plain reading of covenant ten shows a precondition must have been met before the Bank could have distributed the additional $131,722.89 under covenant ten. Husain must have failed to perform a duty or construction on the property must have been discontinued or carried on in an unreasonable manner before making the additional disbursement.

[¶ 11] However, there are no findings by the trial court that either of the covenant ten preconditions were satisfied. Husain did not offer any evidence to the trial court demonstrating a covenant ten precondition was satisfied. The Bank specifically challenged the court's conclusion through its motion for reconsideration and Elshaug's supporting affidavit, in which she denied disbursing the additional $131,722.89 under covenant ten. The trial court's conclusion

that the additional $131,722.89 was disbursed under covenant ten was a material issue of fact. This factual conclusion effectively decided whether the Short–Term Mortgage Redemption Act governed the additional disbursement. The Bank concedes it would be unable to collect the $131,722.89 as a deficiency under the Act.

[¶ 12] The Bank has, when the evidence is viewed in a light most favorable to the Bank, presented admissible evidence by affidavit which raises a contested issue of material fact. *See Hurt,* at ¶ 8. Husain has failed to meet her burden of demonstrating there are no issues of material fact. *Id.* at ¶ 8.

### III

■ [¶ 13] Rule 28(a) and (e), N.D.R.App.P., require a concise statement of the case in an appellate brief, with references to the appendix page where the part of the record relied upon appears. Husain's counsel, William E. McKechnie, briefed statements of fact without appropriate references, a violation of the rule. Rule 30(a), N.D.R.App.P., states: "Only items actually in the record may be included in the appendix. A signature on the brief, under Rule 28, certifies compliance with this rule." This Court applies Rule 13, N.D.R.App.P., as an enforcement tool to encourage compliance with the North Dakota Rules of Appellate Procedure. *Reinecke v. Griffeth,* 533 N.W.2d 695, 702–03 (N.D.1995). Rule 13, N.D.R.App.P., provides: "The supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order." "The determination whether to administer sanctions for noncompliance with the Rules of Appellate Procedure rests wholly within the discretion of this court." *Lake Region Credit Union v. Crystal Pure Water, Inc.,* 502 N.W.2d 524, 528 (N.D.1993).

[¶ 14] Attorney McKechnie included numerous statements of fact in his appellate brief and the appendix that were not sup-

ported by the record. His actions in this case are a serious violation of the rules of appellate procedure. We impose double costs against McKechnie.

## IV

[¶ 15] The summary judgment is reversed and remanded for further proceedings. Costs are assessed consistent with this opinion.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.