2015 ND 151

Lori IHLI, Plaintiff and Appellant

v.

Anthony LAZZARETTO d/b/a
Lazzaretto Construction,
Defendant and Appellee

No. 20140415.

Supreme Court of North Dakota.

June 11, 2015.

Jessica L. Merchant (argued) and Ryan G. Quarne (appeared), Minot, ND, for plaintiff and appellant.

Kelsey A. Krapp, Bismarck, ND, for defendant and appellee.

KAPSNER, Justice.

[¶1] Lori Ihli appeals from a district court judgment dismissing her claims against Anthony Lazzaretto, d/b/a Lazzaretto Construction ("Lazzaretto"). Under the facts of this case, we conclude the district court did not abuse its discretion in imposing the sanction of dismissal and denying Ihli's motion to amend. We affirm.

I

[¶2] In June 2011, Ihli's Minot home flooded. Ihli contacted Lazzaretto for an estimate to repair the home, and in February 2012, she accepted Lazzaretto's bid proposal. Lazzaretto began working on

Ihli's home; however, a dispute arose between the parties regarding the quality of the work, and Lazzaretto ceased working on the home. In November 2012, Ihli applied for federal disaster relief funding to repair or replace her house through the City of Minot Disaster Recovery Homeowner Rehabilitation and Reconstruction Program. In early 2013, Ihli sought estimates from two construction companies, Real Builders, Inc. and Wright Brothers, to "repair" and complete the project.

[¶ 3] On July 23, 2013, Ihli sued Lazzaretto, alleging he damaged her property by performing remodeling work in a negligent manner. On July 31, 2013, Lazzaretto's attorneys served a Notice of Appearance upon Ihli's attorney. According to an affidavit of Lazzaretto's attorney, on or about August 23, Lazzaretto's attorney left a voice message for Ihli's attorney, requesting an extension of time to respond to Ihli's complaint, and on August 26, Ihli's attorney e-mailed Lazzaretto's attorney, granting the extension. Lazzaretto's attorney's affidavit stated that on September 3, Lazzaretto's attorney e-mailed a reply to Ihli's attorney, requesting until September 13, to serve Lazzaretto's answer.

[¶ 4] According to an affidavit of Ihli, after commencing the suit against Lazzaretto on July 23, 2013, she learned she was eligible for the disaster relief funding in "late August 2013." In Ihli's deposition, Ihli stated that after learning she was eligible for the funding, program administrators inspected the house and recommended the house be torn down and replaced, instead of being repaired. After Ihli commenced the suit against Lazzaretto and learned of her eligibility for disaster relief funding and after Ihli's counsel granted Lazzaretto's counsel an extension to file Lazzaretto's answer to Ihli's complaint, Ihli allowed the house to be demolished on September 6, 2013.

[¶ 5] Before the house was demolished, Ihli's attorney had advised Ihli to take photos or video of the property before the house was torn down. Ihli never informed Lazzaretto of the plan to demolish the house. After the house was demolished, Lazzaretto served its answer on September 13, 2013. In June 2014, Lazzaretto moved for sanctions, requesting the case be dismissed due to Ihli's spoliation of evidence. Ihli then moved to amend her complaint, seeking to add a claim for breach of contract. After a hearing on both motions, the district court denied Ihli's motion to amend the complaint, granted Lazzaretto's motion for sanctions, and dismissed Ihli's claims.

II

[¶ 6] On appeal, Ihli argues the district court erred in dismissing her case as a sanction for spoliation of evidence because the sanction was overly severe and an abuse of discretion. Ihli also argues the district court erred in denying her motion to amend the complaint because Lazzaretto was on notice of the proposed breach of contract claim and would not be prejudiced.

III

[¶ 7] Ihli argues the district court abused its discretion in dismissing her case as a sanction for spoliation of evidence because the sanction was overly severe.

[¶ 8] There is a duty to preserve evidence when litigation is reasonably foreseeable. *Fines v. Ressler Enters., Inc.*, 2012 ND 175, ¶ 7, 820 N.W.2d 688. "Spoliation is the destruction of or failure to preserve probative evidence." *Id.* When evidence relevant to a lawsuit is destroyed, sanctions may be appropriate. *Bachmeier v. Wallwork Truck Ctrs.*, 507 N.W.2d 527, 532 (N.D.1993) (*Bachmeier I* ). When evidence relevant to a lawsuit is

destroyed, the district court may utilize its inherent power to sanction, and a court's decision to sanction will only be reversed on appeal if there was an abuse of discretion. *Fines*, at ¶ 7. "The appellant who is contesting the district court's choice of a sanction has the burden of showing the abuse of discretion, and that burden is met only when it is clear that no reasonable person would agree with the trial court's assessment of what sanctions are appropriate." *Id.* at ¶ 15 (citations omitted).

[¶ 9] Sanctioning a party for the spoliation of evidence serves to penalize those whose conduct warrants a sanction and to deter others who may be tempted to behave in such a way as to warrant a sanction. *Fines*, 2012 ND 175, ¶ 8, 820 N.W.2d 688. "Sanctions for spoliation of evidence require a case-by-case analysis of the facts and circumstances present in each case." *Id.* In spoliation of evidence cases, courts should consider factors such as: 1) "the culpability, or state of mind, of the party against whom sanctions are being imposed;" 2) "a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the case;" and 3) "the availability of less severe alternative sanctions." *Bachmeier v. Wallwork Truck Ctrs.*, 544 N.W.2d 122, 124–25 (N.D.1996) (*Bachmeier II* ) (citation omitted). Perhaps the most restrictive sanction is the dismissal of the entire case with prejudice. *Bachmeier I*, 507 N.W.2d at 533. Dismissal can result when spoliation is willful or "merely neglectful." *Fines*, at ¶ 16.

[¶ 10] Lazzaretto argues the facts in this case are directly on point with the facts in *Fines*. In *Fines*, Fines filed a complaint in August 2010 against the defendant, Ressler, alleging Ressler negligently installed siding on her property. 2012 ND 175, ¶ 3, 820 N.W.2d 688. In September 2010, Fines' counsel sent a fax to Ressler's counsel stating a third party had been hired to remove and replace the siding, and work was scheduled to begin the following Monday. *Id.* at ¶ 4. Ressler's counsel responded, demanding the siding not be removed until Ressler and its experts had an opportunity to inspect and examine the siding on the building, but Fines had the siding removed and replaced. *Id.* Ressler moved for summary judgment, arguing the case should be dismissed because Fines unnecessarily destroyed evidence without providing adequate notice and Ressler did not have an opportunity to have a third-party expert examine the siding and was unable to defend itself because of the spoliation. *Id.* at ¶ 5. In response, Fines argued Ressler had an opportunity to inspect the property, photographs and video of the siding had been provided during discovery, and dismissal was not appropriate. *Id.* The district court dismissed the case, finding it had inherent power to sanction for the destruction of evidence, Fines was culpable in the evidence's destruction, Ressler was prejudiced by Fines' decision to remove the siding, and dismissal of the case was the only appropriate sanction. *Id.* Fines appealed, and this Court concluded the district court properly considered each factor in imposing the sanction of dismissal. *Id.* at ¶ 14. Noting the district court's remedy was "unusual" and emphasizing that courts should employ "less drastic remedies," this Court stated that "when conduct is egregious, as it was here, a greater range of sanctions comes into play." *Id.* Finding Fines removed the siding after commencing the suit and after receiving a specific request to preserve the evidence, this Court held the district court did not abuse its discretion by imposing the sanction of dismissal. *Id.* at ¶ 17.

[¶ 11]   Lazzaretto argues this case and *Fines* are similar in several ways: 1) they both involve claims of negligent construction; 2) both plaintiffs were in control of critical evidence relating to their claims; 3) both plaintiffs planned to remove, repair, or destroy that evidence, but made little or no effort to notify the defendants; 4) both plaintiffs were mindful of the need to preserve evidence to support their own cases, but failed to extend that same opportunity to the defendants; and 5) both plaintiffs voluntarily and intentionally destroyed evidence just weeks after commencing litigation.   Lazzaretto argues, the only factual difference between this case and *Fines* is that Ihli's conduct is worse than the plaintiff's conduct in *Fines* because Lazzaretto was not given *any* notice of the planned demolition of the house.

[¶ 12]   The district court in this case agreed with Lazzaretto, stating:

The facts in the case at hand are clear, and are seemingly worse than the action of the plaintiff in *Fines*.   Ihli alleged Lazzaretto performed negligent work on her home and filed a suit against Laz[z]aretto for negligent construction.   Ihli then took pictures and video of the alleged negligent work done by Laz[z]aretto and demolished her home so she could receive grant money. This was done without giving Laz[z]aretto notice of the demolition or an opportunity to inspect the property.   Ihli now expects Lazzaretto to defend himself without opportunity to inspect the alleged defective work and prepare his own defense.

[¶ 13]   The district court sanctioned Ihli by dismissing her action, after considering each of the three factors, including Ihli's culpability, the prejudice to Lazzaretto, and alternative sanctions:

It is this Court's determination that Ihli is clearly culpable for spoliation of

evidence when she demolished her home.   In *Fines,* the court found the plaintiff culpable for spoliation of evidence when plaintiff gave notice to the defendant that destruction of the evidence would take place, and even under protest, the plaintiff destroyed the evidence. . . . The *Fines* court also stated that dismissal can result when spoliation is merely neglectful or willful. . . . In this case, Laz[z]aretto was not even given advance notice of the demolition. Ihli went ahead on her own accord and demolished her home.   It is Ihli's fault that the home was demolished and she is therefore culpable.

Secondly, it is this Court's determination that Lazzaretto is prejudiced by Ihli's actions.   Ihli claims that Lazzaretto can rely upon the videos, pictures, and estimates for his defense, and this will not result in prejudice.   This is not accurate.   Lazzaretto does not have the same information Ihli does.   Lazzaretto cannot see the house for himself or have an expert make determinations in person.   All of the inspection must now come through sources that have been provided by Ihli. In essence, Lazzaretto can now only view the evidence through the lens of Ihli.   Ihli's actions prevent Lazzaretto from creating and fully forming a defense to this action.   Therefore, the prejudice against Lazzaretto is severe.

The last factor is the availability of less severe alternative sanctions.   This Court notes that the most severe sanction is that of dismissal.   However, even if the Court were to use a less severe alternative sanction, such as excluding all evidence of the demolished home, the result would be the same as dismissal. The issue at hand is negligent repair of a home flood damaged.   Once the home was demolished, all evidence as to the

manner and means of installation, repair, and negligence was destroyed. If all the evidence to the claim is gone, there is no claim. Under the circumstances now present in this case, this Court finds dismissal of the action is the only available sanction.

[¶ 14] Here, like in *Fines*, evidence remained within Ihli's control, Ihli gave Lazzaretto no notice of her intent to demolish the house until all practical ability to have an expert inspect the home was removed, and the district court weighed the appropriate factors in determining whether dismissal was an appropriate sanction. *See Fines*, 2012 ND 175, ¶¶ 11, 14, 820 N.W.2d 688. "Commencing a lawsuit and spoiling access to evidence within weeks of that commencement is the type of conduct that should be deterred." *Id.* at ¶ 11.

[¶ 15] In *Fines*, we emphasized that courts should generally employ less drastic remedies than dismissal. *See Fines*, 2012 ND 175, ¶ 14, 820 N.W.2d 688. Other state courts have acknowledged possible alternative remedies for cases involving spoliation of evidence. *See Thompson v. Gardner*, 889 So.2d 596, 609 (Ala.Civ.App. 2004) (jury limiting instructions); *R.A. Siegel Co. v. Bowen*, 246 Ga.App. 177, 539 S.E.2d 873, 878 (2000) (exclusion of witness testimony); *48 Horsehill, LLC v. Kenro Corp.*, 2006 WL 349739, at *13 (N.J.Super.Ct.App.Div. Feb. 22, 2006) (spoliation inference which creates presumption that the destroyed evidence would have been unfavorable to the party who destroyed it). We encourage our courts to use less severe alternative remedies when they are adequate. "Yet when conduct is egregious, as it was here, a greater range of sanctions comes into play." *Fines*, at ¶ 14.

[¶ 16] Here, the district court invited Ihli to suggest less severe alternative remedies. Ihli suggested the district court could order that any expert witness used by the parties would be limited to reviewing the videotape she made of the house before it was demolished or the district court could order that Ihli could not use Real Builders, Inc. or Wright Brothers as expert witnesses, but Lazzaretto would not have that same restriction. As the district court noted, the suggestions leave Lazzaretto limited to evidence created by Ihli; Ihli's suggested alternative remedies leave Lazzaretto at a disadvantage, and under the facts of this case, we hold the district court did not abuse its discretion by imposing the sanction of dismissal against Ihli.

## IV

[¶ 17] Ihli argues the district court erred in denying her motion to amend the complaint because Lazzaretto was on notice of the breach of contract claim and would not be prejudiced.

[¶ 18] "Except as allowed by Rule 15(a)(1), a party may amend its pleading only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires." N.D.R.Civ.P. 15(a)(2). A district court has broad discretion in deciding whether to allow a party to amend the pleadings after the time for amendments has passed. *Thimjon Farms P'ship v. First Int'l Bank & Trust*, 2013 ND 160, ¶ 28, 837 N.W.2d 327. This Court reviews such decisions under the abuse of discretion standard. *Id.* It is not an abuse of discretion to deny a motion to amend the complaint if the proposed amendment would be futile; an amendment is futile if the proposed claim would not survive a summary judgment motion. *Id.*

[¶ 19] Here, the parties stipulated that the deadline to amend the pleadings was February 15, 2014. Ihli moved to amend her complaint on July 25, 2014, over five months after the stipulated deadline. The

district court denied Ihli's motion to amend the complaint for two reasons: 1) the motion was untimely, and 2) the proposed amendment would be futile. The district court noted it previously determined the appropriate remedy was a dismissal of the action because of spoliation of evidence, and "[t]he proposed amendments rely upon the same evidence, the now demolished home."

[¶ 20] Because Ihli's motion to amend was untimely and the district court had already determined dismissing the action was the appropriate sanction because of Ihli's spoliation of the evidence, that would also apply to the proposed breach of contract claim. We conclude the district court did not abuse its discretion in denying Ihli's motion to amend.

## V

[¶ 21] Lazzaretto argues Ihli's appendix contains several documents that were not part of the record in the district court, and these documents should not be considered by this Court. Upon review of the appendix certified by Ihli, and comparing it with the record certified by the Clerk of Court, it is clear that nearly 30 pages in Ihli's appendix were not in the record below. "Only items in the record may be included in the appendix." N.D.R.App.P. 30(a)(1). Documents not in the certified record will not be considered by this Court on appeal. *State v. Horn*, 2014 ND 230, ¶ 15, 857 N.W.2d 77. This Court "may take appropriate action against any person failing to perform an act required by rule or court order." N.D.R.App.P. 13. Determining whether to administer sanctions for not complying with the Rules of Appellate Procedure rests wholly within our discretion. *Community Nat'l Bank of Grand Forks v. Husain*, 1999 ND 201, ¶ 13, 600 N.W.2d 886. We direct costs on appeal be doubled for Ihli's failure to properly comply with our appellate rules. *See Kessel v. Rutherford*, 2007 ND 55, ¶ 2, 734 N.W.2d 342.

## VI

[¶ 22] Under the facts of this case, we conclude the district court did not abuse its discretion in imposing the sanction of dismissal and denying Ihli's motion to amend. We assess double costs against the appellant for Ihli's failure to properly comply with our appellate rules. We affirm the judgment of dismissal.

[¶ 23] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.