FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 21, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 20

| | |
|---|---|
| Robert Todd Simmons, | Plaintiff |
| v. | |
| Cudd Pressure Control, Inc., | Defendant, Appellant, and Cross-Appellee |
| and | |
| Specialized Technical Threading, Inc.; Tillman & Associates, LLC; and Robert R. Hoffpauir, Jr., | Defendants |
| and | |
| Murex Petroleum Corporation, | Defendant, Third-Party Plaintiff, and Appellee |
| v. | |
| WISCO, Inc., | Third-Party Defendant, Appellee, and Cross-Appellant |

## No. 20210166

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Paul V. Esposito (argued), Chicago, IL, and Monte L. Rogneby (appeared), Bismarck, ND, for defendant, appellant, and cross-appellee.

Christopher A. Wills (argued), St. Cloud, MN, and Gordon H. Hansmeier (on brief), St. Cloud, MN, for defendant, third-party plaintiff, and appellee.

William M. Hart (argued), Minneapolis, MN, and Paul R. Sanderson (appeared), Bismarck, ND, and Julia J. Nierengarten (on brief), Minneapolis, MN, for third-party defendant, appellee, and cross-appellant.

**McEvers, Justice.**

[¶1] Cudd Pressure Control, Inc. and WISCO, Inc. appeal from a judgment entered in favor of Murex Petroleum Corporation in this personal injury case. As between WISCO and Murex, the case presents the question of whether a defense and indemnification provision in a contract applies. As between Cudd and Murex, the case presents a question of whether the district court abused its discretion when it sanctioned Cudd for spoliation of evidence. We conclude the district court erred as a matter of law when it granted summary judgment for Murex determining the defense and indemnification provision applied. We also conclude the court abused its discretion when it sanctioned Cudd. We reverse those portions of the judgment. Because the sanctions included an adverse inference instruction against Cudd at trial that may have affected the jury's fault determination, we remand the case for a new trial on the issue of fault apportionment.

I

[¶2] In 2011, Robert Simmons was injured when a pipe struck him while he was working on an oil well. Murex was the operator of the well. Cudd and WISCO were working on the well for Murex. Cudd was removing sections of pipe from the well using a device called an elevator. Each section of the pipe was wider at one end. Cudd was using the elevator to catch the wide portion of the pipe and remove it from the wellbore. Simmons, who was employed by WISCO, was struck by a section of pipe that slipped through the elevator and fell to the ground. Cudd supplied the elevator, but it did not supply the pipe.

[¶3] Simmons sued Cudd, Murex, and other parties not relevant to this appeal. Murex interpleaded WISCO and sued it for breach of contract claiming WISCO breached its duty to defend Murex, and WISCO was obligated to indemnify Murex, under a "Master Well and Lease Service Contract" (MSA) Murex had with WISCO's predecessor, Williston Industrial Supply. Cudd also had an MSA with Murex, but Cudd's MSA required Murex to defend and

indemnify Cudd. Cudd brought a third-party defense and indemnification breach of contract claim against Murex.

[¶4] The parties each filed cross motions for summary judgment concerning their counterpart's duty to defend and indemnify under the respective MSAs. The district court held WISCO was bound by the MSA its predecessor had signed, and it therefore had to defend and indemnify Murex. The court determined Cudd's MSA did not require Murex to defend and indemnify Cudd if Cudd's actions were grossly negligent. The court held there was a material factual dispute as to whether Cudd acted with gross negligence, and the court therefore denied the cross motions concerning Murex's defense and indemnification duties to Cudd.

[¶5] Murex moved for sanctions alleging Cudd spoliated evidence by changing parts on the elevator after the accident, which Murex claimed made the portion of the elevator that clasped the pipe smaller in diameter than it was when the accident occurred. After a two-day evidentiary hearing, the district court granted Murex's motion. The court sanctioned Cudd by striking the defense and indemnification provisions in the parties' MSA and dismissing Cudd's defense and indemnification breach of contract claim against Murex.

[¶6] The case proceeded to trial. The district court gave an adverse inference instruction advising the jury that Cudd had spoliated the elevator and the jury could infer that had the elevator been produced in the condition it was at the time of the accident, the elevator would not have been favorable to Cudd. Cudd and Murex entered into high-low settlement agreements with Simmons before the jury returned its verdict. The jury rendered a verdict in favor of Simmons for $9,272,000. The jury apportioned 70% fault to Cudd, 15% to Murex, 10% to WISCO, and 5% to Simmons. After trial, the court ordered WISCO to pay Murex $1,360,550 in attorney fees and expenses based on the defense and indemnity provision in the MSA. Cudd and WISCO now appeal challenging the orders entered in favor of Murex.

2

## II

[¶7]   We first turn to the issues raised by WISCO.  WISCO argues it has no duty to defend and indemnify Murex under the MSA in this case, and therefore the award of attorney fees was improper.  WISCO asserts it was not bound by the MSA because it was not a party to the MSA, which was a contract between Murex and WISCO's predecessor, Williston Industrial.  WISCO also argues that even if it were bound by the MSA, the MSA does not apply in this case because there was no written agreement for the work WISCO was doing at the time of the accident, which is required under the MSA's terms.

[¶8]   We apply the following standard when reviewing a district court's summary judgment decision:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*RTS Shearing, LLC v. BNI Coal, Ltd.*, 2021 ND 170, ¶ 11, 965 N.W.2d 40 (quoting *G&D Enters. v. Liebelt*, 2020 ND 213, ¶ 5, 949 N.W.2d 853).

[¶9]   WISCO argued it was not bound by the MSA because the obligations for the MSA were not assigned to WISCO when it purchased the assets of Williston Industrial.  Murex disagrees arguing that under WISCO's purchase agreement with Williston Industrial, WISCO bought Williston Industrial's interests in the

3

MSA. Murex also claims WISCO should be estopped from claiming it is not Williston Industrial because it did not inform Murex of the sale and it continuously represented that it was Williston Industrial after the sale.

[¶10] Master service agreements typically provide a framework for future work under subsequent contracts. *Mobil Oil Corp. v. Schlumberger*, 598 So.2d 1341, 1345 (Ala. 1992). The terms of a master service agreement are generally incorporated into the subsequent contracts. *Id.* Some master service agreements contemplate subsequent oral contracts; others require subsequent written contracts. *Compare Wallace v. Oceaneering Int'l*, 727 F.2d 427, 437 (5th Cir. 1984) (master service agreement governed work performed "under subsequent verbal and/or written work orders, at all times"), *with Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1034-35 (8th Cir. 2016) (master service agreement required "written statement of work" for each project).

[¶11] We need not decide whether WISCO is bound by the MSA under any of the theories advanced by Murex. Even if we were to assume WISCO is bound by the MSA, the MSA does not apply based on the undisputed facts in this case. The MSA specifically requires a subsequent written contract. It states:

> This agreement shall control and govern all work performed and services rendered by Contractor under subsequent written supplemental agreements . . . referred to as "Service Agreements," . . . . No subsequent variance from . . . this agreement shall be binding upon Murex unless it is in writing . . . .

The MSA also requires that "[e]ach Service Agreement shall be signed by Murex and Contractor and shall be given a Service Agreement contract number," and the service agreement must "state with specificity the work and/or services to be performed and the cost thereof." It is undisputed that Murex had never issued a written service agreement to WISCO and there was no written service agreement for the job WISCO was doing on the day of the accident. The court concluded a separate written agreement was required for the MSA to apply, but it found WISCO "waived that requirement."

[¶12] "A person may waive contractual rights and privileges to which that person is legally entitled." *Sanders v. Gravel Prods., Inc.*, 2008 ND 161, ¶ 10,

4

755 N.W.2d 826. Waiver requires a "voluntary and intentional relinquishment or abandonment of a known advantage, benefit, claim, privilege, or right." *Id.* Waiver may be established by express agreement or by inferences from acts or conduct. *Savre v. Santoyo*, 2015 ND 170, ¶ 21, 865 N.W.2d 419. "Waiver may be found from an unexplained delay in enforcing contractual rights or accepting performance different than called for by the contract." *Id.* (quoting *Pfeifle v Tanabe*, 2000 ND 219, ¶ 18, 620 N.W.2d 167). Whether a waiver exists is generally a question of fact, but it may be a question of law "if reasonable persons could draw only one conclusion from the circumstances." *Sanders*, at ¶ 10.

[¶13] We conclude the district court erred when it held the MSA applied in this case. The court's application of waiver constitutes a misapplication of the law. The MSA only applies to work performed under a Service Agreement, which the MSA states is a "subsequent written supplemental agreement." However, Murex was not obligated to issue a separate written agreement, and WISCO was not contractually entitled to it. The MSA specifically "does not obligate either Murex or Contractor to enter into any Service Agreement with the other." Consistent with the MSA and the undisputed facts in this case, Murex could engage WISCO by an oral agreement to provide oilfield services. In this situation, the MSA is not implicated. For waiver to occur, there must be relinquishment of some right or privilege to which a party is entitled. WISCO was not contractually entitled to demand a separate written agreement and trigger application of the MSA. Because the MSA does not apply, the court's award of attorney fees, which was based on the defense provision in the MSA, is erroneous and we vacate it.

III

[¶14] We turn to the issues raised by Cudd. Cudd argues the district court's finding that it spoliated evidence is not supported by the record. Cudd also asserts the court's sanctions are unduly harsh.

[¶15] The district court made findings of fact based on evidence admitted during an evidentiary hearing. We will not reverse a district court's findings of fact made after an evidentiary hearing unless they are clearly erroneous.

5

*See Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2021 ND 62, ¶ 10, 958 N.W.2d 128; *see also* N.D.R.Civ.P. 52(a)(6). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made." *Gimbel v. Magrum*, 2020 ND 181, ¶ 5, 947 N.W.2d 891 (quoting *Larson v. Tonneson*, 2019 ND 230, ¶ 10, 933 N.W.2d 84). We review a district court's decision to impose sanctions for spoliation of evidence for an abuse of discretion. *Fines v. Ressler Enters., Inc.*, 2012 ND 175, ¶ 7, 820 N.W.2d 688. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Lind v. Lind*, 2014 ND 70, ¶ 12, 844 N.W.2d 907.

[¶16] Spoliation of evidence occurs when a party destroys or fails to preserve evidence. *Ihli v. Lazzaretto*, 2015 ND 151, ¶ 8, 864 N.W.2d 483. The district court has inherent power to sanction a party for spoliating evidence. *Id.* The purpose of imposing sanctions for spoliating evidence is to penalize the party who spoliated the evidence, to protect the integrity of the legal process by "evening the playing field," and to prevent others from engaging in similar conduct. *Fines*, 2012 ND 175, ¶ 8. We have recognized the duty to preserve evidence arises "when litigation is reasonably foreseeable." *Ihli*, at ¶ 8. *See, e.g., Fines*, at ¶ 7. *See also Miller v. Lankow*, 801 N.W.2d 120, 127-28 (Minn. 2011) ("The duty to preserve evidence exists not only after the formal commencement of litigation, but whenever a party knows or should know that litigation is reasonably foreseeable."). There must be notice that the evidence is relevant to the litigation. *See Bachmeier v. Wallwork Truck Ctrs.*, 507 N.W.2d 527, 532 (N.D. 1993) (stating sanctions may be appropriate for the destruction of evidence relevant to a lawsuit); *see also Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998). Notice of relevancy may be express, which occurs "most commonly when suit has already been filed," or it may be implied by the circumstances. *Id.* Determining when the duty to preserve evidence arises is generally a question of fact requiring the district court to "confront the myriad factual situations inherent in the spoliation inquiry." *Mont. State Univ.-Bozeman* v. *Mont. First Judicial Dist. Ct.*, 426 P.3d 541, 552 (Mont. 2018).

[¶17] The district court found Cudd failed to preserve the elevator on the day of the accident and "every day thereafter." The court also found Cudd's duty to preserve evidence arose when Simmons filed this lawsuit—a finding Murex does not challenge. The court concluded the only "assessment/evaluation that the court can make from the evidence presented is that possibly there was spoliation of the evidence, by cleaning, repairing and/or replacing parts of the elevator." The court noted that additional evidence would have been helpful in making its ruling. The court found it was not possible to determine when the repairs and replacements occurred because the elevator was cleaned and Cudd hid it for a period of time after the lawsuit was filed. The court made no finding as to when the elevator was cleaned. As to the repairs and installation of replacement parts, the court found they occurred "sometime after Plaintiff's accident," but the court made no finding specifically as to when.

[¶18] Whether the elevator was altered before or after Cudd's duty to preserve evidence arose is an essential question. Sanctionable spoliation cannot occur prior to the existence of the duty to preserve evidence. *Mont. State Univ.-Bozeman*, 426 P.3d at 552 ("Sanctionable spoliation occurs only upon the breach of a duty to preserve the subject evidence."); *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) ("a party can only be sanctioned for destroying evidence if it had a duty to preserve it"); *Kronisch*, 150 F.3d at 126 ("In order for an adverse inference to arise from the destruction of evidence, the party having control over the evidence must have had an obligation to preserve it at the time it was destroyed."). Because the district court was unable to make a finding on this record as to whether the alterations occurred before or after Cudd's duty to preserve evidence arose, we conclude it erred as a matter of law when it imposed sanctions for spoliation.

[¶19] Along with dismissing Cudd's claim against Murex for defense and indemnification, the district court also gave the jury an adverse inference instruction against Cudd. The instruction advised the jury the court had "determined that Cudd spoliated the elevator" and without the modifications the jury could infer "the elevator would not have been favorable to Cudd." Because the court's determination that sanctionable spoliation occurred was erroneous, the adverse inference instruction should not have been given. The

7

jury apportioned 70% fault to Cudd. It is possible the adverse inference instruction prejudiced Cudd and affected the jury's fault determination. Although the amount of the verdict is not implicated by this error, a new jury trial is necessary to apportion fault.

## IV

[¶20] The parties' remaining arguments are not necessary to our decision. The judgment is reversed in part, the award of attorney fees is vacated, Cudd's breach of contract claim against Murex for defense and indemnification is reinstated, and the case is remanded for a new trial on the issue of fault apportionment between Cudd, Murex, and WISCO.

[¶21] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte