Barney, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This suit arises upon a lease to the defendants of certain premises in Cape May, N. J., for use as a post office for the yearly rent of $1,120 and payable quarterly upon the first days of April, July, October, and January of each year. At *438 the time of the execution of the lease in question and the entry of the defendants, there was a subsisting mortgage upon the premises which was foreclosed before the expiration of the term of the lease, and the plaintiff received a deed and became the owner of said premises under a foreclosure sale in said foreclosure proceedings. The plaintiff received his deed November 23, 1912 (of which the defendants had notice), and after October 26, 1912, paid for the heat, light, and other service provided by the terms of said lease to be paid by the lessor. He also gave notice to the defendants of the conveyance to him of said premises, and demanded that the rent to become due under the terms of said lease for the quarter ending December 31, 1912, be paid to him.
Shortly after the 1st day of January, 1913, when the rent for the last quarter for the year 1912 became due (said Bam-brick having in the meantime died), the defendants, over the protest of the plaintiff, apportioned the rent then due between the estate of said Bambrick and the plaintiff by paying to said estate the rent for said premises from October 1 to November 23, and the balance due for said term to the plaintiff. This suit is now brought by the plaintiff to recover the sum so paid to the estate of said Bambrick.
The common law rule that in a case like the one under consideration apportionment of rent is not allowable is so well settled as to hardly need the citation of authority. This rule is stated in Tiffany on Landlord and Tenant as follows:
“ Bent is not, at common law, regarded as accruing from day to day, as interest does, but it is only upon the day fixed for payment that any part of it becomes due. The result of this principle is that ordinarily the person who is on that day the owner of the reversion is entitled to the entire installment of rent due on that day, though he may have been the owner of the reversion or rent but a part of the time which has elapsed since the last rent day. Conversely, one who has been the owner of the reversion or rent during a part of that period can claim no portion of the installment unless he is such owner at the time at which the installment is payable by the terms of the lease. The general rule in this regard is ordinarily expressed by saying that rent can not be apportioned as to time.’’
It is also well settled that rent does not accrue from day to day during the term of the lease, but only accrues at the *439 time it becomes due under the terms of the lease; hence the rent in question in this case accrued January 1,1913. Wood, Landlord & Tenant, sec. 450; 1 Tiffany, Landlord c& Tenant, sec. 172.
Bent not yet due is not a chose in action. It is a part of the realty and passes as such with the estate. Van Wicklen v. Paulson, 14 Barb., 654. The general rule is that the rent for a period of time is an indivisible item, and if the lessor or landlord conveys the premises before the rent accrues he can not recover what otherwise he would be entitled to. This rule applies although there has been no eviction by the holder of the new title, or attornment to him. Hammond v. Thompson, 168 Mass., 531. It is an elementary principle of law that rent follows the reversion. The rent may be granted away, reserving the reversion; but, by a general grant of reversion, the rent passes as an incident to it. Abbott v. Hanson, 24 N. J. L., 493.
The same rule prevails where the grantee of the reversion gets his title by sale under foreclosure proceedings of a mortgage existing at the time the lease was executed. Duff v. Wilson, 69 Pa. St., 316. In the case cited the court said: “ The purchaser at the sheriff’s sale might have affirmed the lease and required the rent to be paid to him as assignee of the reversion.” Id., 318. When the plaintiff received the deed on the foreclosure sale the defendants were liable to be evicted and, by operation of law, there was a breach of the contract of lease on the part of the lessor. If the defendants had been evicted they would have been liable to no one for the rent to that date for the then pending quarter. They were not evicted, however, but were allowed by the plaintiff to continue in possession of the premises under the lease and chose to do so, thus creating the relation of landlord and tenant, with all of its incidents and obligations. Gartride v. Outley, 58 Ill., 210, 214. In fact, the plaintiff, as purchaser of the premises in question, on foreclosure of the mortgage given by Bambrick, the lessor, obtained his title indirectly through him.
The defendants also make the point that the lease in this suit was not assignable under section 3737, Bevised Statutes. *440 This point seems.to have been decided adversely to the defendants in the case of Freedman’s Saving & Trust Co. v. Shepherd, 127 U. S., 494. We might also add that we do not see how the defendants can be allowed to make this point after recognizing, as they have in this case, the relation of landlord and tenant between them and the plaintiff.
It follows from the foregoing that the plaintiff should have judgment for the sum of $161.40, and it is so ordered.
Hat, Judge/ DowNet, Judge, and Campbell, Chief Justice, concur.
Booth, Judge, did not participate in the decision of this case.