# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 260

Discover Bank,                                    Plaintiff and Appellant

> v.

Bryan L. Hornbacher,                                          Defendant

## No. 20200232

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Clifton G. Rodenburg and Amanda M. Lee, Fargo, N.D., for plaintiff and appellant; submitted on brief.

Bryan L. Hornbacher, defendant; no appearance.

# Discover Bank v. Hornbacher
## No. 20200232

**Tufte, Justice.**

[¶1] Discover Bank (Discover) appeals a district court order denying its motion for judgment and dismissing the case. On appeal, Discover argues the district court erred in finding that the stipulation stated Discover would not move for judgment unless the terms of the agreement were breached. We reverse and remand for entry of judgment.

I

[¶2] Discover sued Bryan Hornbacher, alleging he was indebted to it on a credit card debt for $14,695.13. The parties entered into a stipulation and consent. The stipulation provided an acknowledgment by Hornbacher that he had been served with the summons and complaint and an admission that he had no defenses to the allegations in the complaint. Hornbacher consented to entry of judgment in the amount of $14,695.13 in exchange for Discover's agreement to accept $10,080.00 payable over three years as full satisfaction of the judgment, and to forego execution on the judgment unless there were a default in the agreed-upon payment schedule.

II

[¶3] "Generally, the construction of a written contract to determine its legal effect is a question of law for the court to decide." *Welch Constr. & Excavating, LLC v. Duong*, 2016 ND 70, ¶ 6, 877 N.W.2d 292 (citation omitted). This Court has recognized two different types of stipulations. *Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D. 1974). A stipulation aimed at facilitating the course of a lawsuit is procedural in nature. *Id.* A stipulation that affects the subject matter of a lawsuit is contractual in nature. *Id.* Contractual stipulations deal with the rights or property at issue, and they are entitled to all the sanctity of a conventional contract. *Id.* Here, the stipulation states, "Defendant consents to entry of judgment for the amount of $14,695.13, costs of $35.00 and any additional costs and disbursements to date of judgment." The stipulation,

therefore, deals with the subject matter of the lawsuit by resolving the merits of the case and is a contractual stipulation. All the provisions of this stipulation must be considered together, and the plain language of the agreement controls. *See Markwed Excavating, Inc. v. City of Mandan*, 2010 ND 220, ¶¶ 19-20, 791 N.W.2d 22.

[¶4]   In its order, the court found that "[p]laintiff files a stipulation stating it will not move for judgment unless the terms of the agreement are [breached]." This is an error. The stipulation provided, in part:

> [Hornbacher] consents to entry of judgment for the amount of $14,695.13, costs of $35.00 and any additional costs and disbursements to date of judgment. In this regard, defendant consents and agrees that plaintiff by affidavit may cause judgment to be entered against defendant by the court in the amount noted above, less payments made, without necessity of notice, hearing or court order.

The stipulation further provided that Discover would "not execute on said judgment unless there [was] a default in the following payment schedule. . . ." Section 28-21-01, N.D.C.C., establishes that execution is a post-judgment means to collect upon a judgment. A judgment must be entered before a party can execute on the judgment, and the terms of the judgment determine the execution available. N.D.C.C. §§ 28-21-01 to 28-21-04.1. "If the judgment requires the payment of money . . . the judgment may be enforced by execution." N.D.C.C. § 28-21-03.1.

[¶5]   The court, in its order, focused on the lack of default under the stipulation having occurred. This was in error, as Discover was not moving to execute the judgment, but rather was, by affidavit, moving for judgment to be entered against Hornbacher pursuant to the stipulation. The court misread the stipulation and misapplied the law.

2

## III

[¶6]   Because the plain language of the stipulation provided for judgment against Hornbacher to be entered, we reverse and remand for entry of judgment.

[¶7]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte