**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**JULY 21, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 145

Elton Lovro,                                                    Plaintiff and Appellant

v.

City of Finley,                                               Defendant and Appellee

### No. 20210300

Appeal from the District Court of Steele County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Theodore T. Sandberg, Grand Forks, ND, for plaintiff and appellant.

Howard D. Swanson, Grand Forks, ND, for defendant and appellee.

# Lovro v. City of Finley
## No. 20210300

**VandeWalle, Justice.**

[¶1]   Elton Lovro appealed from a judgment dismissing his complaint with prejudice after the district court granted summary judgment in favor of the City of Finley ("City"). Lovro argues the court prematurely granted summary judgment, the City waived its discretionary immunity, and the court erred in applying immunity against the breach of contract claim. We affirm the judgment.

## I

[¶2]   Lovro owns a house and property in Finley, Steele County, North Dakota. In March 2020, the City's water line connected to the curb stop leading to Lovro's home broke. Water flowed onto the property, damaging Lovro's driveway and basement. Lovro sued the City for negligence and gross negligence. He alleged the damages were caused by the City's failure to properly operate, maintain, repair, and inspect their water system. Lovro also sued the City for breach of contract based on the City's failure to properly and safely deliver water to his home. The City responded by denying the allegations that it was negligent, grossly negligent or that its acts or omissions caused the damages. The City denied the existence of any contractual relationship between Lovro and the City. The City affirmatively alleged that it was immune from suit under chapter 32-12.1 of the North Dakota Century Code.

[¶3]   Discovery revealed that the City underwent a water main replacement project in 2001. The project originally included replacement of a number of service lines and curb stops. According to the unsworn declaration of Andrew Aakre, city engineer, the scope of the project was reduced by eliminating 150 curb stops and associated service lines which reduced the overall project cost by $130,600. Aakre contended the City approved the change after being advised that the service lines and curb stops were in good working condition and eliminating these would save the City $130,600. The water main replacement project did not include Lovro's property. According to the unsworn

1

declaration of George Braun, Director of Public Works, service lines and curb stops typically fail due to physical damage, corrosion, frost movement, soil movement, natural deterioration, improper installation, improper repairs or other causes. Braun contended that no routine maintenance or procedure would have prevented or predicted the break.

[¶4]  The record reflects that the City had paid for some repairs to Lovro's driveway. However, when it came to payment for the repairs of the basement, the City, through the North Dakota Insurance Reserve Fund, refused to pay. The City moved for summary judgment arguing that Lovro's claims were barred by discretionary immunity and the public duty doctrine, Lovro failed to establish the City was negligent, and there was no contractual relationship between the parties. Lovro opposed the motion. A hearing on the City's motion was held. The district court granted the City's motion and entered judgment dismissing Lovro's claims and awarding costs to the City.

II

[¶5]  Lovro argues the district court erred in granting summary judgment dismissing his claims because the ruling was premature and discovery was still ongoing. The court did not specifically address Lovro's request for additional time under N.D.R.Civ.P. 56(f), therefore we assume the court denied the request because it granted summary judgment in the City's favor. *Hayden v. Medcenter One, Inc.*, 2013 ND 46, ¶ 7, 828 N.W.2d 775.

[¶6]  A party seeking additional time for discovery should make a motion under N.D.R.Civ.P. 56(f). Under Rule 56(f) a district court may delay its ruling on a motion for summary judgment to allow additional discovery "[i]f a party opposing the motion shows by declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

[¶7]  We have recognized that "[s]ummary judgment is appropriate only after the non-moving party has had a reasonable opportunity for discovery to develop his position." *Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 9, 712 N.W.2d 855. A request for additional time for discovery under N.D.R.Civ.P. 56(f) invokes the district court's discretion, and its decision will not be overturned

2

on appeal absent abuse of that discretion. *Swanson v. Larson*, 2021 ND 216, ¶ 8, 967 N.W.2d 778. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* (citing *Ryberg v. Landsiedel*, 2021 ND 56, ¶ 21, 956 N.W.2d 749). "[W]hen further discovery would not involve an issue which is the subject matter of the summary judgment motion, a trial court does not abuse its discretion in deciding the motion without granting the Rule 56(f) request." *Perry Center, Inc. v. Heitkamp*, 1998 ND 78, ¶ 10, 576 N.W.2d 505.

[¶8] Lovro requested additional time for discovery under Rule 56(f) in his brief opposing summary judgment, he did not submit a declaration supporting his request for additional discovery. In his brief to the district court, Lovro sought additional discovery to depose multiple witnesses. However, Lovro has failed to explain how the specific information sought would have precluded summary judgment or why the information had not previously been obtained. A party may not merely recite conclusory general allegations that additional discovery is needed. *Alerus Fin., N.A. v. Erwin*, 2018 ND 119, ¶ 24, 911 N.W.2d 296. We conclude the district court did not abuse its discretion in refusing to allow additional time to conduct discovery.

III

[¶9] Lovro argues the district court erred in granting summary judgment because the City waived its discretionary immunity by admitting liability and paying for some of the repairs.

[¶10] Our standard of review when reviewing a district court's summary judgment decision is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a

matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Simmons v. Cudd Pressure Control, Inc.*, 2022 ND 20, ¶ 8, 969 N.W.2d 442 (quoting *RTS Shearing, LLC v. BNI Coal, Ltd.*, 2021 ND 170, ¶ 11, 965 N.W.2d 40).

[¶11] The source of discretionary immunity is N.D.C.C. § 32-12.1-03(3)(d), which provides that a political subdivision may not be held liable for claims based on "[t]he decision to perform or the refusal to exercise or perform a discretionary function or duty, whether or not such discretion is abused and whether or not the statute, charter, ordinance, order, resolution, regulation, or resolve under which the discretionary function or duty is performed is valid or invalid."

[¶12] The discretionary function exception first appeared in *Kitto v. Minot Park District*, 224 N.W.2d 795 (N.D. 1974), where this Court abolished governmental immunity from tort liability for political subdivisions. *Id.* at 797. However, political subdivisions retained some immunity for discretionary acts:

We do not contemplate that the essential acts of governmental decision-making be the subject of judicial second-guessing or harassment by the actual or potential threat of litigation. We hold that no tort action will lie against governmental units for those acts which may be termed discretionary in character. Included within this category are acts traditionally deemed legislative or quasi-legislative, or judicial or quasi-judicial, in nature. The exercise of discretion carries with it the right to be wrong. It is for torts committed in the execution of the activity decided upon that liability attaches, not for the decision itself.

4

*Id.* at 804. The *Kitto* decision recognized that the legislature could modify or shape governmental liability within its constitutional authority. *Id.* at 803. Following *Kitto*, the legislature enacted N.D.C.C. ch. 32-12.1 to limit the liability of political subdivisions. The purpose of the discretionary function exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Olson v. City of Garrison*, 539 N.W.2d 663, 666 (N.D. 1995) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988)).

[¶13] Lovro concedes that the City is entitled to discretionary immunity under the statute but he asserts the City waived its discretionary immunity. The district court found that Lovro failed to cite any case law which provided that the discretionary function exception could be waived. We agree. Likewise, we do not consider an argument that is not adequately articulated, supported, and briefed. *Krueger v. Grand Forks Cty.*, 2014 ND 170, ¶ 30, 852 N.W.2d 354.

[¶14] Lovro's claims are barred by governmental immunity and he has failed to establish that the City can or did waive its immunity. We conclude that the district court did not err in granting the City's motion for summary judgment.

IV

[¶15] Lovro argues the district court erred in granting summary judgment dismissing his breach of contract claim because the City cannot assert discretionary immunity against the breach of contract claim. The City argues Lovro abandoned his breach of contract claim because his notice of appeal fails to identify the issue and his brief makes no argument related to the breach of contract claim.

[¶16] The failure to include an issue in the notice of appeal or statement of issues does not preclude appellate review. *See N.D. Workforce Safety & Ins. v. Salat*, 2019 ND 294, ¶ 11, 936 N.W.2d 294. However, we only decide those issues which are "thoroughly briefed and argued" and "a party waives an issue by not providing adequate supporting argument." *Weeks v. N.D. Workforce*

5

*Safety & Ins. Fund*, 2011 ND 188, ¶ 9, 803 N.W.2d 601 (quoting *Olson v. Workforce Safety & Ins.*, 2008 ND 59, ¶ 26, 747 N.W.2d 71).

[¶17] Lovro did not thoroughly brief the breach of contract issue nor did he provide adequate supporting argument. We conclude Lovro waived the issue that the district court erred in dismissing his breach of contract claim.

V

[¶18] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. We affirm the judgment.

[¶19] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte