# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2022 ND 216

Brent Trosen, as Personal Representative of the

Estate of Shirley Trosen and as Successor

Trustee for the Trosen Family Trust,                     Plaintiffs and Appellees

   v.

Jeffery A. Trosen,                 Defendant, Third-Party Plaintiff and Appellant

   and

Brent Trosen and Todd Trosen,  Third-Party Defendants and Appellees

No. 20220048

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Douglas A. Christensen (argued) and Joseph E. Quinn (on brief), Grand Forks, ND, for plaintiffs and appellees and third-party defendants and appellees.

DeWayne A. Johnston, Grand Forks, ND, for defendant, third-party plaintiff and appellant.

**Trosen v. Trosen**
**No. 20220048**

**VandeWalle, Justice.**

[¶1]   Jeff Trosen appealed from a judgment and amended judgment awarding damages for a breach of contract claim to the Estate of Shirley Trosen and the Trosen Family Trust and dismissing Jeff Trosen's counterclaim and third-party complaint. Jeff Trosen argues the district court erred in granting summary judgment on the breach of contract claim and by dismissing his counterclaim and third-party complaint. We affirm.

I

[¶2]   In 2017, Jeff Trosen began leasing farm land from Shirley Trosen, individually and as trustee of the Trosen Family Trust. The farm lease covered the farming seasons of 2017 through 2022. Under the terms of the lease, Jeff Trosen was to pay annual rent in the amount of $80,725.40 for 1,153.22 tillable acres.

[¶3]   Jeff Trosen paid the rent for the 2017 crop year in February 2017, the rent for the 2018 crop year in February and March 2018, and the rent for the 2019 crop year in February and April 2019. For the 2020 crop year, Jeff Trosen made a partial rent payment of $28,000 on December 30, 2020, and had an unpaid balance of $52,725.40. For the 2021 crop year, Jeff Trosen made a partial rent payment of $30,000 on April 9, 2021, and had an unpaid balance of $50,725.40.

[¶4]   In February 2021, the plaintiffs, Shirley Trosen, individually and as trustee of the Trosen Family Trust, and Brent Trosen, as attorney-in-fact for Shirley Trosen, sued Jeff Trosen seeking damages for breach of the farm lease and to cancel the lease. The plaintiffs alleged Jeff Trosen breached the lease by failing to pay the full rent for the 2020 crop year. The complaint was later amended to add a claim related to the rent for the 2021 crop year. Jeff Trosen filed an answer, counterclaim, and third-party complaint against Brent Trosen and Todd Trosen ("third-party defendants"), asserting claims of intentional interference with a contract and unlawful interference with business.

1

[¶5]   On May 12, 2021, while the action was pending, Shirley Trosen passed away. Brent Trosen, as personal representative of Shirley Trosen's estate and as the successor trustee, was substituted as a party.

[¶6]   The plaintiffs and third-party defendants moved for summary judgment dismissal of Jeff Trosen's counterclaims and third-party complaint. Jeff Trosen moved to extend the deadline to respond to the motion. The district court denied Jeff Trosen's motion. Jeff Trosen did not file a response to the plaintiffs and third-party defendants' motion for summary judgment. The district court granted the plaintiffs and third-party defendants' motion for summary judgment and dismissed Jeff Trosen's counterclaims and third-party complaint.

[¶7]   Jeff Trosen also moved for summary judgment, arguing the 2021 rent claimed by the plaintiffs must be apportioned to the date of Shirley Trosen's death because the date of her death terminates any interest her estate or the trust has in the rents from the farm property. He requested the plaintiffs' claims related to the 2021 rent be limited to the period of time prior to Shirley Trosen's death and for the district court to declare he has no liability for 2021 rent on land he acquired through Shirley Trosen or the Trosen Family Trust after her death. The plaintiffs opposed Jeff Trosen's motion for summary judgment.

[¶8]   The district court denied Jeff Trosen's motion for summary judgment and granted summary judgment in favor of the plaintiffs on their breach of contract claim. The court concluded the farm lease was a valid contract between Jeff Trosen, Shirley Trosen, and the Trosen Family Trust; Jeff Trosen breached the contract by failing to pay the 2020 and 2021 rent; and Shirley Trosen and the Trosen Family Trust have been damaged in the amount of $103,450.80 plus interest. The court also ordered termination of the farm lease. Judgment was entered awarding $51,725.40 to the Estate of Shirley Trosen and $51,725.40 to the Trosen Family Trust for rent due for the 2020 and 2021 crop years.

[¶9]   The plaintiffs moved for an award of attorney's fees. The district court determined the plaintiffs were entitled to attorney's fees and costs pursuant to

2

the terms of the farm lease, and awarded the plaintiffs attorney's fees in the amount of $50,329.03.

[¶10] Jeff Trosen filed a notice of lis pendens. The plaintiffs moved to cancel the lis pendens. The district court granted the plaintiffs' motion. An amended judgment was entered.

II

[¶11] The standard for reviewing a district court's decision on summary judgment is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Lovro v. City of Finley*, 2022 ND 145, ¶ 10, 978 N.W.2d 67 (quoting *Simmons v. Cudd Pressure Control, Inc.*, 2022 ND 20, ¶ 8, 969 N.W.2d 442).

III

[¶12] Jeff Trosen argues the district court erred in granting summary judgment in favor of the plaintiffs on their breach of contract claim.

[¶13] The district court granted summary judgment in favor of the plaintiffs on the breach of contract claim. The court concluded the farm lease was a valid

and enforceable contract, the lease did not specify a date the rent was due, but the court determined the rent was due prior to April 1 each year based on the parties' course of conduct. The court stated it was undisputed Jeff Trosen made partial rent payments for the 2020 and 2021 crop years, there was an outstanding rent balance of $52,725.40 for 2020 and $50,725.40 for 2021, and Shirley Trosen died on May 12, 2021. The court stated Jeff Trosen conceded he was responsible for payment of the 2020 rent, subject only to the potential right to setoff as outlined in the counterclaim and third-party complaint, which were dismissed.

[¶14] The district court rejected Jeff Trosen's apportionment argument, explaining the right to receive the 2020 and 2021 rent accrued prior to Shirley Trosen's death, the right to collect the unpaid rent did not attach to and run with the land as Jeff Trosen asserted, and the right to collect the unpaid rent passed to the Estate of Shirley Trosen and the Trosen Family Trust. The court concluded a valid contract existed between Jeff Trosen, Shirley Trosen, and the Trosen Family Trust; Jeff Trosen breached the contract by failing to pay the rent for 2020 and 2021; and Shirley Trosen and the Trosen Family Trust have been damaged in the amount of $103,450.80 plus interest.

A

[¶15] Jeff Trosen argues the district court erred in interpreting the trust. He asserts Shirley Trosen was entitled to all of the income derived from the trust as long as she lived, but the property vested in fee from the trust to the beneficiaries upon Shirley Trosen's death and the beneficiaries immediately perfected their ownership and the apportioned income from the property.

[¶16] The interpretation of a trust document is a question of law if the intent can be ascertained from the document alone. *In re Curtiss A. Hogen Trust B*, 2018 ND 117, ¶ 18, 911 N.W.2d 305. The general rules of interpretation of written instruments apply to the interpretation of trust documents. *Dwyer v. Sell*, 2021 ND 139, ¶ 9, 963 N.W.2d 292. The language of the document governs its interpretation if it is clear and does not involve an absurdity. *Id.*; *see also* N.D.C.C. § 9-07-02. The parties' intent is ascertained from the writing alone if possible. N.D.C.C. § 9-07-04.

4

[¶17] The Trosen Family Trust states the grantors, Shirley and Duane Trosen, each own an individual one-half interest in the farm property as tenants in common, each grantor is entitled to one-half of the income derived from the farm property, and upon the death of a grantor the surviving grantor is entitled to "all of the income derived from the Farm Property so long as he or she shall live." The trust also states:

> Upon the death of a Grantor the deceased Grantor's undivided one-half interest in the Farm Property shall vest in each of the respective Beneficiaries as set forth below, subject to a life estate in favor of the surviving Grantor. For example, upon the death of Shirley Trosen, her undivided one-half interest in the Farm Property shall be deemed vested in the respective Beneficiary of each parcel of real property set forth below, subject to a life estate in favor of Duane Trosen.

The trust further states, "Upon the death of the surviving Grantor the Trustee shall convey each parcel of real property comprising the Farm Property unto the individual Beneficiary designated above except that the real property designated for Todd Trosen shall be held in trust subject to the provisions of Article II."

[¶18] Duane Trosen died prior to the 2017 farm lease and, under the terms of the trust, a one-half interest in the farm property vested in the beneficiaries upon his death, subject to a life estate in favor of Shirley Trosen. As a life estate holder of a one-half interest in the farm property, Shirley Trosen was entitled to half of the rental income from the farm property during her life. *See Schroeder v. Buchholz*, 2001 ND 36, ¶ 21, 622 N.W.2d 202 (stating a life estate holder is entitled to rents and profits generated by the property during their life). The trust also had a one-half interest in the farm property. Under the terms of the trust, Shirley Trosen was entitled to all income from the farm property so long as she lived. Under the terms of the trust, the farm property vests in the beneficiaries after Shirley Trosen's death. However, Shirley Trosen was entitled to all of the rental income from the farm property during her life through her life estate and the trust.

5

[¶19] Jeff Trosen argues the district court erred by failing to apply the common law doctrine of apportionment to determine the amount of rent he owes Shirley Trosen or the Trosen Family Trust for the 2021 crop year. He contends that he only owes Shirley Trosen and the trust rent for the portion of the 2021 crop year prior to Shirley Trosen's death and that he already paid more than he owes. He claims the current property owners of the farm property would be entitled to the rent for the period after Shirley Trosen's death.

[¶20] The apportionment of rent has been described as "the division of the rent into parts among several persons entitled thereto; apportionment ordinarily results where there is a severance, by grant or inheritance, of the estate under lease and may be had with respect to any rents or benefits that are divisible." 52A C.J.S. *Landlord & Tenant* § 1177 (2022 update). "Apportionment of the rent does not mean abatement of it; in the case of apportionment, the tenant still remains liable to pay the whole rent but in different parts to different persons." *Id.*

[¶21] We have explained the common law is adopted as the law in this state where there is no express constitutional or statutory law on the subject. *Reese v. Reese-Young*, 2020 ND 35, ¶ 20, 938 N.W.2d 405; *see also* N.D.C.C. § 1-01-03(7). "[T]here is no common law in any case in which the law is declared by the code." N.D.C.C. § 1-01-06. "The common law, which is based on reason and public policy, can best be determined by studying the decisions of our federal and state courts and the writings of past and present students of our country's law over all the years of American judicial history." *Reese*, at ¶ 21 (quoting *In re Estate of Conley*, 2008 ND 148, ¶ 26, 753 N.W.2d 384).

[¶22] Courts have generally held, under the common law doctrine of apportionment, that rent is not apportionable as to time and does not accrue from day to day; rather, the person who has the right to possession or ownership at the time the rent is due has the right to receive the rent. *See, e.g.*, *Handlan v. Bennett*, 51 F.2d 21, 23 (4th Cir. 1931); *Musselman v. U.S.*, 52 Ct.Cl. 436, 438 (1917); *In re Lake Austin Ctr. Joint Venture*, 106 B.R. 106, 108 (Bankr. W.D. Tex. 1989); *Wilson v. Campbell*, 425 S.W.2d 518, 519 (Ark. 1968); *Veatch*

*v. Philip J. Lasky, Inc.*, 477 P.2d 468, 469 (Colo. App. 1970); *Cont'l Oil Co. v. McNair Realty Co.*, 353 P.2d 100, 108 (Mont. 1960); *Moran v. Fifteenth Ward Bldg. & Loan Ass'n*, 25 A.2d 426, 429 (N.J. Ch. 1942); *F. Groos & Co. v. Chittim*, 100 S.W. 1006, 1010 (Tex. Civ. App. 1907). In *Handlan*, at 23 (citations and quotations omitted), the Fourth Circuit Court of Appeals explained:

> By the general rule of the common-law, rent was apportioned as to estate but not as to time. While there may be an apportionment of rent as to estate, there can be none as to time, for the contract is entire—the rent for the period of time agreed upon is regarded as an indivisible item. The rule that rent can not be apportioned as to time applies only in the absence of a statute. . . . Under this rule in the absence of express contract or statutory provision, the owner of the title at the time of the falling due of rent became entitled to its collection. Instances frequently occurred under which a landlord at the beginning of the year leased premises, particularly agricultural lands, for a rental to be paid after the crops were matured and harvested, and thereafter died before the rent became due. In such cases, there being no apportionment of rent as to estate, the successor to the title and not the personal representative of the landlord became entitled to collect the rent for the whole term, even though the greater portion had been earned before the death of the landlord.

The common law rule applies unless it has been modified by statute or there is an express agreement otherwise. *See id.*; *see also* 51 Am. Jur. 2d *Life Tenants and Remaindermen* § 141 (2022 update) (stating "The general rule followed in the absence of a contrary statute and in the absence of an intention in favor of apportionment appearing from the will or other instrument is that income consisting of rent money is not apportionable as between persons successively entitled, when the right of one person ends, and that of another begins, during a rent period.").

[¶23] Jeff Trosen cites three Minnesota cases in support of his argument that the rent should be apportioned under the common law doctrine and he should only have to pay a proportionate amount for the time up to Shirley Trosen's death. However, the cases do not support his argument.

7

[¶24] Jeff Trosen claims in *Dutcher v. Culver*, 24 Minn. 584, 589 (1877), the court stated a person who possesses land from which rent is due is liable for the proportionate amount of rent due from the land in his possession even if that is only a part of what was originally demised. Although the court said this, it was discussing a specific statutory provision, not the common law doctrine of apportionment. *Id. Dutcher* does not support Jeff Trosen's argument the rent should be apportioned based on time under the common law doctrine.

[¶25] Jeff Trosen also cites to *Lindeke v. McArthur's, Inc.*, 145 N.W. 399 (Minn. 1914), to support his argument. In *Lindeke*, the leased property was destroyed by fire before the expiration of the term of the lease and the issue was how much rent the lessee owed. *Id.* at 400. The court held the lessor was entitled to recover a proportionate part of the yearly rent for the period of the lessee's occupancy under statute. *Id.* at 401. The court's decision was based on statutory law, not the common law doctrine of apportionment. Furthermore, the lease terminated because the leased premises was destroyed through no fault of either party. *Id.* The court stated rent may be apportioned when the destruction of the leased premises left nothing of the subject-matter of the lease. *Id.*; *see also Graves v. Berdan*, 26 N.Y. 498, 500 (N.Y. 1863) (holding under common law, the rent may be apportioned when the leased premises was destroyed by an act of God). This case is different. Jeff Trosen used the leased property for the entire 2021 crop year. *Lindeke* does not support Jeff Trosen's argument for apportionment.

[¶26] Lastly, Jeff Trosen cites *McLaughlin v. Minn. Loan & Trust Co.*, 255 N.W. 839 (Minn. 1934). In *McLaughlin*, the court interpreted a Minnesota statute allowing apportionment regarding liability of persons in possession of land for their portion of rent due. *Id.* at 839-40. The court said the statute was not intended to create new liability, but rather to make an existing liability for rent "divisible as to amount and apportionable as to time a demand which at the common law was neither." *Id.* at 840. The court interpreted statutory law and did not apply the common law doctrine of apportionment. This case does not support Jeff Trosen's arguments.

[¶27] Jeff Trosen does not argue there is a similar North Dakota statute or any agreement that requires apportionment of the 2021 rent as to time. The common law doctrine of apportionment does not support Jeff Trosen's argument that the rent should be apportioned as to time. We conclude the district court did not err by failing to apply the doctrine of apportionment to determine the amount of rent for the 2021 crop year.

C

[¶28] The district court concluded Shirley Trosen was entitled to the rents and profits generated from the farm land until her death, she passed away on May 12, 2021, the 2021 crop year rent was due on April 1, 2021, and the right to the 2021 rent accrued before Shirley Trosen's death. The court explained the farm lease did not specify a due date for the rent, but the parties established a "course of conduct" in which the rent was paid prior to April 1.

[¶29] The nonperformance of a contractual duty when it is due is a breach of contract. *Welch Constr. & Excavating, LLC v. Duong*, 2016 ND 70, ¶ 5, 877 N.W.2d 292. A party asserting a breach of contract must prove the existence of a contract, a breach of the contract, and damages flowing from the breach. *Id.* Whether a party has breached a contract is a finding of fact. *Id.* The construction of a written contract to determine its legal effect is a question of law. *Id.* at ¶ 6.

[¶30] The farm lease stated, "[T]he Landlord, in consideration of the rents and covenants hereinafter mentioned on the part of Tenant to be made and performed, has leased, and by these presents, does lease unto Tenant, for agricultural purposes only, the . . . described real estate." Jeff Trosen was required to pay rent in the amount of $80,725.40 each year under the terms of the lease. The farm lease states, "Time shall be of the essence . . . for the payment of rent," but it does not contain a specific date the rent is due.

[¶31] Whether a contract is ambiguous is a question of law. *Mandan Educ. Ass'n v. Mandan Pub. Sch. Dist. No. 1*, 2000 ND 92, ¶ 9, 610 N.W.2d 64. The course of dealings and usage may be considered in interpreting a contract ambiguity. *Id.* The course of dealing is a question of fact, but "where the

evidence on the course of dealing is such that reasonable minds could draw but one conclusion, the question becomes one of law and summary judgment may be appropriate." *Id.*

[¶32] It was undisputed that Jeff Trosen paid the full amount of rent before April 1 each year in 2017, 2018, and 2019, and that he only paid a partial amount for 2020 on December 30, 2020. Shirley Trosen filed her breach of contract action against Jeff Trosen in February 2021. It was also undisputed Jeff Trosen paid a portion of the rent for the 2021 crop year in April 2021.

[¶33] On appeal, Jeff Trosen argues, "The District Court erred by making factual determinations of custom when the parties agreed not to set a hard due date for the yearly rent payments." He did not provide any further argument, and he does not point to any evidence in the record about when payment was due or that would otherwise support his argument. "[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Somerset Court, LLC v. Burgum*, 2021 ND 58, ¶ 13, 956 N.W.2d 392 (quoting *In re J.J.T.*, 2018 ND 165, ¶ 29, 915 N.W.2d 106). We do not consider arguments that are not adequately articulated, supported, and briefed. *Lovro*, 2022 ND 145, ¶ 13. To the extent Jeff Trosen argued the court erred in making findings about course of conduct, the argument was not adequately supported and briefed and was therefore waived.

[¶34] Jeff Trosen breached the lease by failing to pay all of the rent before April 1 for the 2020 and 2021 crop years. It is undisputed Shirley Trosen died in May 2021, after the rent for the 2021 crop year was due. Shirley Trosen and the trust were entitled to all of the rent for the 2020 and 2021 crop years. We conclude the district court did not err in granting summary judgment in favor of the plaintiffs on the breach of contract claims and determining the amount of damages.

IV

[¶35] Jeff Trosen argues the district court erred in dismissing his counterclaim and third-party complaint. He claims the court abused its discretion by failing

10

to allow him additional time to respond to the plaintiffs' motion for summary judgment. He also contends there are disputed factual issues related to the claims.

[¶36] The district court has discretion in deciding whether to grant a motion for additional time to respond to a motion for summary judgment. *See Alerus Fin., N.A. v. Lamb*, 2003 ND 158, ¶ 6, 670 N.W.2d 351. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.*

[¶37] Jeff Trosen claimed he had good cause for requesting additional time, including that he was busy farming, he had heart surgery, and his attorney was busy with other work and had a trip planned. The district court determined good cause was not shown. The court explained Jeff Trosen's attorney met with him after the motion for summary judgment was filed, was present when Jeff Trosen was deposed, had possession of the deposition transcript, and the attorney's workload was not sufficient to show good cause. We conclude the court did not abuse its discretion by denying the request for additional time.

[¶38] We also conclude the district court did not err in granting summary judgment dismissing the counterclaim and third-party complaint. Jeff Trosen did not respond to the plaintiffs and third-party defendants' motion for summary judgment. The district court granted summary judgment explaining Jeff Trosen did not respond to the motion for summary judgment, he did not present any evidence on the essential elements of his claims, and he cannot satisfy all of the elements of the claims. Under N.D.R.Civ.P. 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must, by declarations or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment shall, if appropriate, be entered against that party.

The district court did not err in granting summary judgment.

11

[¶39] Jeff Trosen argues the district court erred by terminating the farm lease. He claims the court erroneously concluded the farm lease terminated upon Shirley Trosen's death. He also argues the court erred in finding there was a material breach of the lease because there was a legal offset of the rent and, if there is no offset, the court did not give him an opportunity to cure the rent payment.

[¶40] Generally, a material breach by one party gives the non-breaching party the right to terminate the contract. *Riedlinger v. Steam Bros., Inc.*, 2013 ND 14, ¶ 23, 826 N.W.2d 340. The undisputed evidence established Jeff Trosen did not pay all of the rent for 2020. The failure to pay rent was a material breach. The district court did not err in terminating the lease.

VI

[¶41] Jeff Trosen contends the district court erred by awarding attorney's fees to the plaintiffs. He claims the farm lease allows a party to collect attorney's fees only "to the extent allowed by law," and therefore there must be statutory law providing for recovery of attorney's fees for the court to be able to award attorney's fees under this provision.

[¶42] The district court's decision to award attorney's fees is reviewed under the abuse of discretion standard. *Berdahl v. Berdahl*, 2022 ND 136, ¶ 29, 977 N.W.2d 294. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*

[¶43] Generally, each party to a lawsuit bears its own attorney's fees, absent statutory or contractual authority. *Danzl v. Heidinger*, 2004 ND 74, ¶ 6, 677 N.W.2d 924. Attorney's fees incurred in litigating a breach of contract action are not recoverable as an item of damages in the absence of express statutory or contractual authorization. *Id.*

[¶44] Section 28-26-01(1), N.D.C.C., authorizes attorney's fees in civil actions by agreement, stating, "Except as provided in subsection 2, the amount of fees

of attorneys in civil actions must be left to the agreement, express or implied, of the parties." The statute allows the district court to award attorney's fees in civil actions when agreed to in the contract.

[¶45] The farm lease states:

> If the Tenant defaults in performing any of the duties agreed to in this Lease, the Landlord shall have the right to collect from the Tenant, to the extent allowed by law, all the costs reasonably incurred in enforcing this Lease, including but not limited to, attorney fees, seeding, plowing, or cultivation costs, chemical application and ditch maintenance.

[¶46] The farm lease allows the plaintiffs to recover attorney's fees if Jeff Trosen defaults in performing any of the duties agreed to under the lease. Jeff Trosen breached the lease by failing to pay all of the rent for the 2020 and 2021 crop years. The court did not err in awarding attorney's fees.

[¶47] Jeff Trosen also argues the district court erred in the amount of fees it awarded. He contends the hours were not adequately documented.

[¶48] The district court is "considered an expert in determining the amount of attorney fees." *Riemers v. State*, 2008 ND 101, ¶ 8, 750 N.W.2d 407. The court's decision regarding the amount and reasonableness of the attorney's fees will not be overturned on appeal absent a clear abuse of discretion. *Id.*

[¶49] The plaintiffs filed an affidavit with exhibits supporting their request for attorney's fees. The district court reduced the requested fees explaining some of the services were duplicated and multiple attorneys worked on the same documents and attended the same hearings. The court also determined Jeff Trosen's actions contributed to the plaintiffs' high attorney's fees. The court found the fees are reasonable. We conclude the court did not abuse its discretion in determining the amount and reasonableness of attorney's fees to award.

13

# VII

[¶50] Jeff Trosen argues the district court erred by relying on its order terminating the lease as authority to justify cancelling the lis pendens.

[¶51] The district court has authority to cancel a lis pendens under N.D.C.C. § 28-05-08, which states:

> The court in which the action was commenced, at any time, on application of any person aggrieved and on good cause shown and on such notice as directed or approved by the court, may order the notice authorized by section 28-05-07 to be canceled of record in whole or in part . . . and such cancellation must be made by an endorsement to that effect on the margin of the record which shall refer to the order.

This Court has said, "[A] lis pendens may not be predicated on an action that does not affect the title to real property and seeks merely to recover a money judgment[.]" *Conrad v. Wilkinson*, 2017 ND 212, ¶ 20, 901 N.W.2d 348. The filing of a notice of lis pendens is not appropriate when the cause of action does not directly affect title or right of possession of real property. *Id.* The purpose of a notice of lis pendens is to let the world know there is an action pending. *Inv'rs Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 26, 788 N.W.2d 312.

[¶52] The district court cancelled the lis pendens explaining Jeff Trosen did not assert a claim which affected title to the real property, the farm lease was cancelled, he has no further rights under the lease, and the lease must be cancelled so the trust beneficiaries can lease their respective parcels to parties of their own choice. The court determined the litigation does not affect title to real property, the action was for recovery of money damages, and the lease was terminated because of the material breach.

[¶53] Because we affirm the summary judgments, including termination of the lease, Jeff Trosen's argument that the district court erred in cancelling the lis pendens is moot. *See Hogen v. Hogen*, 2019 ND 17, ¶ 18, 921 N.W.2d 672 (holding any issue about whether the lis pendens was wrongfully discharged was moot because the summary judgment quieting title was affirmed).

## VIII

[¶54] We have considered the parties' remaining arguments and conclude they are either without merit or unnecessary to our decision. We affirm the judgment and amended judgment.

[¶55] Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte