**David SCHMITT, Plaintiff and Appellee,**

v.

**BERWICK TOWNSHIP, a municipal corporation of State of North Dakota, Defendant and Appellant.**

**Civ. No. 910349.**

Supreme Court of North Dakota.

July 28, 1992.

Michael S. McIntee, of McIntee Law Firm, Towner, for plaintiff and appellee.

Lyle Gregory Witham, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Berwick Township appealed from a county court judgment construing a gravel-hauling contract between the Township and David Schmitt and awarding Schmitt damages. We affirm.

During April 1990, the Township solicited bids for spot graveling of township roads. Three parties, including Schmitt, submitted bids. Schmitt's bid was accepted by the Township board members. It provides, in its entirety, as follows:

> "190 per yard per mile for the fir[s]t 3 miles and 20¢ per yard per mile after 3 royalties over and above"

Schmitt completed the graveling designated by the Township and then submitted his bill to the Township for $10,546.90. Schmitt computed the billing under his bid, charging $1.90 per yard for each of the first three miles that the gravel was hauled and $.20 per yard for each additional mile. The Township board members objected to the amount of the bill. They met with Schmitt on August 6, 1990, and informed him that they interpreted the bid to mean that the Township would be charged $1.90

per yard for three miles of gravel hauling, not $1.90 per yard for each of the first three miles. Under that interpretation, the board calculated that the Township owed Schmitt about $4,300. The board gave Schmitt a check in that amount. After accepting the check, Schmitt sought legal advice and then filed this lawsuit for the balance due on the bill he had submitted to the Township.

Following a hearing, the trial court determined that the bid was unambiguous and that under the contract accepted by the Township Schmitt had correctly billed the Township for the work he had done. The court entered judgment in favor of Schmitt for the balance due from the Township, together with interest, costs, and disbursements, totaling $7,376.35.

■■■ The Township asserts that the trial court erred in concluding that the bid was unambiguous. The determination of whether or not a contract is ambiguous is a question of law for the court to decide. *Redlin v. Redlin*, 436 N.W.2d 5 (N.D.1989). On appeal, this court will independently review the contract to determine whether the lower court erred in its determination regarding the ambiguity of the contract. *Barsness v. General Diesel & Equipment*, 422 N.W.2d 819 (N.D.1988). An ambiguity exists when rational arguments can be made in support of contrary positions about the meaning of a term, phrase, or clause of the contract. *Dawn Enterprises v. Luna*, 399 N.W.2d 303 (N.D.1987).

The only dispute between the parties in interpreting Schmitt's bid is whether the Township agreed to pay $1.90 per yard for each mile of the first three miles, or, instead, agreed to pay $1.90 per yard for all three miles.[1] The Township board members accepted Schmitt's bid, assuming that he was bidding $1.90 per yard for all of the first three miles.

■■■ The disputed clause in Schmitt's bid states $1.90 "per yard per mile" for the first three miles. We look to the language of the contract, and when that language is

clear and unambiguous there is no reason to go further. *Red River Human Services Foundation v. Dept. of Human Services*, 477 N.W.2d 225 (N.D.1991). Having reviewed Schmitt's bid, we agree with the trial court that the disputed clause is unambiguous. We conclude, therefore, that the trial court did not err in deciding that the Township, upon accepting the bid, agreed to pay $1.90 per yard for each of the first three miles and that Schmitt's billing was correct.

At the trial, the Township also argued that a novation occurred when Schmitt accepted the $4,300 check. The trial court concluded that there was not a novation. On appeal, the Township asserts that in deciding the novation issue the trial court held an erroneous view of the law, i.e., that parties cannot enter into a novation unless they have first agreed upon the meaning of the original contract.

■■■ The term "novation" is statutorily defined as "the substitution of a new obligation for an existing one." Section 9–13–08, N.D.C.C. A novation is made by the substitution of a new obligation between the same parties with intent to extinguish the old obligation. Section 9–13–10, N.D.C.C. To have a novation, the parties must intend to extinguish the old obligation, there must be mutual assent, and there must be sufficient consideration. *Butler v. Roberts*, 437 N.W.2d 839 (N.D. 1989).

■■■ We agree with the Township that the trial court apparently held the erroneous view that there cannot be a novation if the parties are in disagreement about the terms of the original agreement. This erroneous viewpoint was manifested by the trial court in its memorandum opinion:

"Here, [the Township] strenuously argued that there was no existing obligation *other than* what [the Township] decided it owed ($4300.00) and therefore there could be no mutual assent as to

---

1. The figure "190" may be ambiguous but there was no dispute between the parties in the trial court or on appeal that it meant anything other than $1.90. Therefore, for purposes of this appeal, we do not consider that ambiguity in the bid.

what old obligation was thereby extinguished."

This erroneous viewpoint was again manifested by the trial court in its findings of fact:

"[The Township] has never admitted that the original obligation of $10,546.90 existed for which the lesser amount paid could be a novation."

We have found no authority, and none has been cited to us, to support the trial court's viewpoint that the parties must first agree what the terms of the original obligation meant (as opposed to recognizing that there is an obligation the terms of which are not agreed upon) before they can create a novation by substituting a new agreement for the original one. We conclude, however, that the trial court's erroneous viewpoint did not affect the result in this case. The trial judge made a dispositive finding independent of and unaffected by his erroneous belief that to novate the Township had to first agree on the amount due under the original contract.

There was conflicting evidence about whether Schmitt accepted the $4,300 payment as a substitute for the original agreement. The board members testified that Schmitt agreed to accept the $4,300 as full payment of the Township's debt. Schmitt testified that when he accepted the check he told the board members "I'll take the check ... cause I need the money ... but I'll see about the rest." The court found that "although the [Township] did pay $4300 on the bill on August 6, 1990 the parties clearly did not arrive at an agreement" that the amount paid was to substitute for the original obligation. In effect, the trial court found that Schmitt did not assent to extinguish the original obligation by accepting the $4,300 check.

Acceptance of a check does not create a novation in the absence of an agreement by the parties that it substitutes for the original contract. *Steele v. Vanderslice,* 90 Ariz. 277, 367 P.2d 636 (1961); *cf. National Bank of Harvey v. Pauly,* 280 N.W.2d 85 (N.D.1979) [Endorsement of check not conclusive of whether amount of check was paid in extinguishment of a debt]; *see also*

66 C.J.S. Novation § 11(b)(2) (1950). The question of whether there has been a novation is a question of fact, which will not be overturned on appeal unless it is clearly erroneous. *Jedco Development Co., Inc. v. Bertsch,* 441 N.W.2d 664 (N.D.1989); *First National Bank v. Meyer Enterprises, Inc.,* 427 N.W.2d 328 (N.D.1988). We are not convinced that the trial court made a mistake in finding that Schmitt did not accept the tendered amount as a substitute for the original obligation. We conclude, therefore, that the court's finding is not clearly erroneous.

The judgment of the county court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and JOHNSON, JJ., concur.