# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 221

Scotty Fain, Sr., Scotty Fain, Jr.,

and Kris Durham,                                       Plaintiffs and Appellants

      v.

Integrity Environmental, LLC, Andrea Vigen,

Lewis Vigen, and Kelly Harrelson,               Defendants and Appellees

### No. 20220068

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Emily J. Ramage (argued) and H. Malcolm Pippin (on brief), Williston, ND, for plaintiffs and appellants.

Morgan E. Wentz (argued), David J. Smith (on brief), and Tyler J. Malm (on brief), Bismarck, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Scotty Fain, Sr., Scotty Fain, Jr., and Kris Durham appeal from a district court judgment entered following findings that there was no contract between the parties, no transfer of an ownership interest in Integrity Environmental, LLC, and no violation of fiduciary duties as alleged in its complaint against Integrity Environmental, LLC ("Integrity Environmental"), Andrea Vigen, Lewis Vigen, and Kelly Harrelson. They also challenge the court's findings that a substitute arrangement agreed upon by all parties led to an accord and satisfaction, novation, and waiver of contractual rights. Because we conclude the district court did not err in its finding regarding a novation and substitution for the parties' contractual obligations, we affirm the court's judgment.

I

[¶2]   In the spring of 2019, the parties discussed formation of an environmental clean-up company that would do business, in part, on Indian reservations. After several meetings, the parties signed an operating agreement ("original agreement") that set terms for the creation of Integrity, LLC ("Integrity"). The operating agreement allocated membership interests to Andrea Vigen, Lewis Vigen, Kelly Harrelson, Fain Sr., Durham, and Fain Jr., in exchange for initial contributions of $100, $100, $100, $100, $75,000, and $75,000.

[¶3]   To be eligible to perform the intended services, the business must have Tier 1 status, achieved by exclusive company ownership by a Native American. Andrea Vigen was a member of the Mandan, Hidatsa and Arikara Nation and could satisfy the Tier 1 ownership requirement. The originally discussed ownership allocation would not satisfy the requirement of exclusive Native American ownership.

[¶4]   At the time the Integrity operating agreement was signed, Andrea Vigen was the owner of Integrity Environmental. Integrity Environmental had Tier

1 status. The parties dispute whether the operating agreement for Integrity was prepared in anticipation of organizing a new business entity or related to a transfer of ownership in Integrity Environmental.

[¶5]   Durham provided $150,000 to Integrity Environmental in two separate increments in June and July 2019. Integrity Environmental continued to operate through summer and fall while the parties contemplated but never formally signed a consultant agreement, amended contract, and loan agreement that would replace the original agreement. A recording from a September 2019 conversation indicates the parties discussed a subsequent loan arrangement that would preserve Integrity Environmental's Tier 1 status and operations on the reservation.

[¶6]   In December 2019, Andrea Vigen sent a letter to Fain Sr., Fain Jr., and Durham advising them that Integrity Environmental would be terminating their relationship. The letter characterized Durham's $150,000 to Integrity Environmental as a loan, and included a check for $3,000 in interest along with confirmation that Durham had already cashed two checks sent to him totaling $150,000.

[¶7]   Fain Sr., Fain Jr., and Durham filed a complaint claiming breach of contract and fiduciary duty. Following a bench trial, the district court found that all parties knew a Native American needed to maintain exclusive ownership of Integrity Environmental in order to maintain its Tier 1 status, that the plain language of the original agreement created a new company called Integrity, that no mutual consent or consideration existed among the parties to enforce the original agreement, and that subsequent negotiations led to a final, substituted loan agreement which created an accord and satisfaction, voluntary waiver of contractual rights, and novation. The court also dismissed Fain Sr., Fain Jr., and Durham's argument that a mutual mistake about the name of the company could lead to reformation, and that Integrity Environmental, Andrea Vigen, Lewis Vigen, or Kelly Harrelson violated their fiduciary duties. Fain Sr., Fain Jr., and Durham appeal arguing the district court erred in its findings of fact and conclusions of law.

## II

[¶8]   Fain Sr., Fain Jr., and Durham challenge many of the district court's findings regarding whether or not the parties agreed to create a new business entity or transfer ownership interests in an existing entity, whether there were subsequent agreements, and whether the subsequent agreements were satisfied. At the center of the court's decision is the finding the parties entered into a novation eliminating all of their existing obligations by agreeing to treat Durham's $150,000 payment as a loan. Because the court's findings regarding a novation are dispositive, we begin our review with consideration of those findings.

[¶9]   "Novation is the substitution of a new obligation for an existing one." N.D.C.C. § 9-13-08. A novation is made by contract and is subject to all rules governing contracts. N.D.C.C. § 9-13-09. Novation can be made between the same parties as long as intent is shown to extinguish the old obligation. N.D.C.C. § 9-13-10. Along with intent, novation requires mutual assent and sufficient consideration. *N.D. Pub. Serv. Comm'n v. Valley Farmers Bean Ass'n*, 365 N.W.2d 528, 543 (N.D. 1985). Additionally, terms of the contract, the character of the transaction, and the facts and circumstances surrounding the transaction can establish novation. *Jedco Dev. Co., Inc. v. Bertsch*, 441 N.W.2d 664, 666 (N.D. 1989). Acceptance or endorsement of a check is not by itself conclusive of novation. *Schmitt v. Berwick Tp.*, 488 N.W.2d 398, 401 (N.D. 1992). However, parties entering into a novation need not agree about the meaning of the terms within the original obligation. *Id*. The existence of a novation is a question of fact subject to a clearly erroneous standard of review. *Bearce v. Yellowstone Energy Dev., LLC*, 2019 ND 89, ¶ 20, 924 N.W.2d 791. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Welch Const. & Excavating, LLC v. Duong*, 2016 ND 70, ¶ 5, 877 N.W.2d 292.

[¶10] Fain Sr., Fain Jr., and Durham argue the district court erred in finding that a novation discharged the original agreement. They contend the $150,000 given by Durham to Integrity Environmental was a capital contribution and

not a loan because there was not the presence of a strict debtor-creditor relationship due to an absence of a fixed maturity date, and the thin capitalization structure of the company meant that Integrity Environmental was completely dependent upon Fain Sr., Fain Jr., and Durham for the financing of their operation.

[¶11] The district court found that the parties' original plan was to create a new company that would use Integrity Environmental's Tier 1 status "as a gateway for their new company to work on the reservation." The court found that "[t]he parties were aware that the inclusion of non-Native American owners (such as the Plaintiffs) would have destroyed Integrity Environmental's Tier 1 status and drastically diminished the company's business." To remedy this concern, the court found the parties engaged in the following actions:

> [T]he first operating agreement was abandoned in favor of a $150,000 loan. All of the parties were aware of the Tier 1 status and they wanted to preserve Integrity Environmental's ability to work on the reservation. In fact, it was clear from the parties' discussions in the recording (Exhibit 37) played in court that Plaintiffs were providing a $150,000 interest free loan for six (6) months. Plaintiffs' intent to substitute the [original agreement] with a loan arrangement is fatal to their argument that the Court should uphold it.

The district court's findings are also supported by the parties' documented attempts to negotiate an amended contract and consulting agreement. These findings satisfy the requirement of intent to extinguish an old obligation under N.D.C.C. § 9-13-09.

[¶12] A novation requires intent, mutual assent, and sufficient consideration. The district court addressed the requirement of mutual assent and consideration when it found a September meeting between the parties illustrated mutual assent to preserve Integrity Environmental's Tier 1 status by eliminating any plans of Fain Sr., Fain Jr., and Durham to have an

4

ownership interest in the company, and created a loan agreement by which Durham would provide $150,000 to be paid back within six months. The court found that sufficient consideration was provided when Durham accepted performance by repayment. The court found the loan was paid back by three checks issued by Integrity Environmental, one in June 2019 for $50,000, another for $100,000 in July 2019, and a final check for $3,000 for accrued interest in December 2019. The court found that Durham cashed all but the check for interest noting, "[I]t is undisputed that the full amount of the loan was repaid to Mr. Durham and deposited in his account in October 2019. No other money was exchanged between the parties to this action."

[¶13] While acceptance of a check is not by itself conclusive of novation, there were other circumstances surrounding the transaction cited by the district court that supported its conclusion. The court noted that Integrity Environmental was an existing company, formed in 2016 and operated only by Andrea Vigen, whose "integral component of its business plan" involved her membership with the Mandan, Hidatsa and Arikara Nation so that the company would be a Certified Indian Company with Tier 1 authority to conduct operations on the reservation. The court also noted that Fain Sr., Fain Jr., and Durham did not participate in the management of Integrity Environmental, that no shares or interests were ever issued to anyone but Andrea Vigen, and that no bill of sale or assignment was ever drafted. Furthermore, much of the contested issues in this case—whether formation rules were satisfied in the signing of the original agreement or what terms the original agreement included—are irrelevant in the context of the later novation. These findings are consistent with our rationale in *Jedco Dev. Co., Inc.* in that a totality of facts and circumstances in this case establish a novation agreed upon by all parties. Furthermore, as established in *Schmitt*, the fact that both parties disagree as to which company (Integrity or Integrity Environmental) was being invested in during the signing of the original agreement is irrelevant given the later novation creating a substitute arrangement.

[¶14] The district court's findings satisfy the requirements of mutual assent and sufficient consideration under N.D.C.C. § 9-13-09 and *N.D. Pub. Serv. Comm'n.* After reviewing the record, we conclude the court's findings were not

5

induced by an erroneous view of the law, there is evidence in the record to support the findings, and we are not left with a definite and firm conviction a mistake has been made. The district court's findings regarding the novation are not clearly erroneous.

## III

[¶15] The district court's findings related to a novation between the parties are not clearly erroneous. We affirm the district court's judgment.

[¶16] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte